**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BRADLEY AND LORRIE COUCH** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** _____ |
| | § | **JURY** |
| **STATE FARM LLOYDS** | § | |

---

### NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Petitioner, State Farm Lloyds, states in support of its Notice of Removal of the case originally filed with the 266th Judicial District of Erath County, Texas as follows:

### DIVERSITY FACTS

1.     On April 7, 2017, Plaintiffs commenced a civil action against State Farm Lloyds alleging breach of contract, violations of the Deceptive Trade Practices Act ("DTPA") and tie-in statutes, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing and fraud. Plaintiffs also asserted the violations of the Texas Insurance Code and DTPA were committed knowingly and intentionally, entitling Plaintiffs to additional damages.  Plaintiffs' Original Petition, attached as Exhibit 1, was served on State Farm Lloyds on April 13, 2017.  Plaintiffs' First Amended Petition, attached hereto as Exhibit 2, was served on State Farm Lloyds on May 1, 2017.  Complete diversity exists for jurisdictional purposes between Plaintiffs and Defendant, and the amount in controversy is in excess of $75,000.00.

2.     On the date of the commencement of this action, Defendant State Farm Lloyds was and continues to be an association of underwriters organized under the Lloyds Plan, as set forth in the

Texas Insurance Code. All underwriters of State Farm Lloyds are residents of Illinois. Consequently, State Farm Lloyds is not considered, as a matter of law, a citizen of Texas.

3. Plaintiffs are individuals whose residence is located in Erath County, Texas and own the property that is the subject of this lawsuit. Said property is located in the city of Dublin, Erath County, Texas.

4. This action involves an amount in controversy in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs as indicated in Plaintiffs' Petition, and it is between citizens of different states. The cause is therefore removable based on diversity of citizenship, pursuant to 28 U.S.C.A. § 1332 and § 1441, as between Plaintiffs and Defendant, State Farm Lloyds.

5. This Notice of Removal is filed within thirty (30) days after receipt by State Farm Lloyds through service or otherwise, of a copy of Plaintiffs' Original Petition and Plaintiffs' Amended Petition (Ex. 1 & Ex. 2).

6. State Farm Lloyds affirmatively states the amount in controversy exceeds the diversity requirement of $75,000.00, exclusive of interest and costs. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages and just not interest or costs"). See also *Toney v. State Farm Lloyds*, __ Fed. Appx.__, 2016 WL 4784012 at n. 8 (5th Cir. 2016) (citing *Greenberg* with approval). In addition to the prayer for damages in the Petition, Plaintiffs' settlement demand in connection with their dispute of the results of the insurance claim which underlies this action was for the amount of $212,629.52. The amount in controversy squarely puts this case within the jurisdictional minimum of this Court for diversity

purposes.  See *Pershing, L.L.C. v. Kiebach*, 819 F. 3d 179, 182 (5th. Cir. 2016); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000).

7.      Written notice of the filing of this Notice will be given to all adverse parties as required by law.

8.      A true and correct copy of this Notice will be filed with the Clerk of the 266th Judicial District Court, Erath County, Texas, as provided by law.

        WHEREFORE, Defendant State Farm Lloyds, prays it may effect the removal of this action from the 266th Judicial District Court of Erath County, Texas.

                                Respectfully submitted,

                                THE LAW OFFICE OF ARMANDO DE DIEGO, P.C.


                                By:   /s/      Armando De Diego
                                      ARMANDO DE DIEGO
                                      State Bar No. 05635400
                                      Email:  adediego@dediego.com

                                      HARVEY G. JOSEPH
                                      State Bar No. 11027850
                                      Email:  hjoseph@dediego.com

                                1201 W. Griffin Street
                                Dallas, Texas 75215-1030
                                Telephone:     (214) 426-1220
                                Facsimile:     (214) 426-1246

                                ATTORNEYS FOR STATE FARM LLOYDS

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this, the 15th day of May, 2017, the foregoing document was electronically submitted to the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the Court.  The electronic case files system sent a "Notice of Electronic Filing" to the following individual who has consented in writing to accept this Notice as service of this document by electronic means:

Mr. Scott E. Osman         ___✔___ Via ECF

**LAW FIRM OF SCOTT E. OSMAN**    _____ Via Certified Mail, RRE

183 West Washington Street      _____ Via Facsimile

Stephenville, Texas 76401       _____ Via Regular Mail

_____ /s/    Armando De Diego _____

ARMANDO DE DIEGO

# Exhibit 1

Case 4:17-cv-00396-Y    Document 1    Filed 05/15/17    Page 6 of 79    PageID 6    Filed for Record at
4/7/2017 1:20:30 PM
Jan Brown
Clerk of the District Court
Erath County, Texas

CAUSE NO. _____ cv34337

| | | |
|---|---|---|
| **BRADLEY COUCH and** | § | **IN THE DISTRICT COURT** |
| **LORRIE COUCH** | § | |
| | § | |
| **VS.** | § | **266ᵀᴴ JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS, INC.** | § | **ERATH COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

## TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME BRADLEY COUCH and LORRIE COUCH, Plaintiffs, and files this Original Petition complaining of STATE FARM LLOYDS, INC., Defendant, and for cause of action would show the Court as follows:

### I. DISCOVERY LEVEL

Discovery in this case is intended to be conducted under Level 2, Rule 190, Texas Rules of Civil Procedure.

### II. PARTIES AND SERVICE

Plaintiffs BRADLEY COUCH and LORRIE COUCH are individuals who reside in Erath County, Texas.

Defendant STATE FARM LLOYDS, INC. (hereinafter referred to as "STATE FARM"), is an insurance company organized under the laws of the State of Illinois, that is doing business in Texas and has registered through the office of the Secretary of State of Texas and may be served with process by serving the registered agent of said company, **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company** at the following address: **211 E. 7ᵀᴴ Street, Suite 620, Austin, Texas 78701-3218.**

### III. JURISDICTION

This court has jurisdiction over this case because no other court has exclusive jurisdiction and the amount in controversy exceeds the minimum jurisdictional limits of the district courts.

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs in good faith plead the value of this case is over one hundred thousand dollars ($100,000.00) but less than two hundred thousand dollars ($200,000.00). Plaintiffs reserve the right to amend these amounts upwards.

### IV. VENUE

Venue in Erath County, Texas is proper in this cause under § 15.002 (a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Erath County, Texas, and the insured property that is the basis of this lawsuit is located in Erath County, Texas.

### V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS

Plaintiffs are the owner of insurance Policy Number 85-CM-D790-9 issued by Defendant (hereinafter referred to as the "Policy"). Plaintiffs own the insured property located at 3300 CR 250, Dublin, Erath County, Texas (hereinafter referred to as the "Property"). Defendant, or its agents, sold the Policy insuring the Property to Plaintiffs.

### VII.

On or about April 26, 2015, a wind and hail storm struck Erath County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property. Plaintiffs

submitted a claim to Defendant against the Policy for roof, other damage and resulting water damage to the Property sustained as a result of the wind and hail storm. Plaintiffs asked that Defendant cover the costs of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

VIII.

Defendant failed to properly adjust Plaintiffs' claims and have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Plaintiffs' claim still remains unpaid and Plaintiffs still have not been able to properly repair the damage to the Property.

IX.

Although due demand was made by Plaintiffs for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs, Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

X.

Defendant misrepresented to Plaintiffs that the all of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(l).

## XI.

Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

## XII.

Defendant refused to fully compensate Plaintiffs under the terms of the Policy even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(7).

## XIII.

Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date; Plaintiffs have not yet received full payment for their claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.058.

## XIV.

From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

## XV.

As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

## XVI.

Plaintiffs' experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## XVII. THEORIES OF LIABILITY

### A.    Cause of Action for Breach of Contract

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Policy that Plaintiffs purchased, Defendant has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind and hail storm. As a result of a wind and hail storm and/or ensuing losses from a wind and hail storm, both of which are covered perils under the Policy, Plaintiffs' home and personal Property have been damaged. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's

contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

**B.     Cause of Action for Violation of §542 of the Texas Insurance Code**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate §542 of the Texas Insurance Code. Within the time frame required after the receipt of either actual or written notice of Plaintiffs' claim, Defendant did not request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for their claim. As a result, Defendant has violated §542 by failing to accept or reject Plaintiffs' claim in writing within the statutory time frame. Defendant also violated §542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated §542 in this case.

**C.     DTPA Cause of Action**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the provisions of the Texas Deceptive Trade Practices –Consumer Protection Act ("DTPA"). Plaintiffs are consumers of goods and services provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against

Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Tex. Bus. Comm. Code, §17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In addition, to these violations, Defendant engaged in unconscionable conduct as that term is defined in the DTPA. In this respect, Defendant's violations include, without limitation, (1) unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

As described in this petition:

A. Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiffs the right to recover under §17.46 (b)(5) of the DTPA.

B. Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of §17.46 (b)(7) of the DTPA;

C. Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of §17.46 (b)(9) of the DTPA;

D. Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiffs the right to recover under §17.46 (b)(12) of the DTPA;

E.   Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under §17.46 (b)(24) of the DTPA;

F.   Defendant has breached an express warranty that the damage caused by a wind and hail storm would be covered under the Policy. This breach entitles Plaintiffs to recover under §17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

G.   Defendant's actions are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under §17.50(a)(3) of the DTPA; and

H.   Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of §17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.   Cause of Action for Unfair Insurance Practices**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of §541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendant's failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.    Engaging in unfair claims settlement practices;

C.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear; and

E.    Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant was done knowingly as that term is used in the Texas Insurance Code.

**E.    Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

**F.    Cause of Action for Fraud**

Defendant is liable to Plaintiffs for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## XVIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' home and any investigative and engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract. Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendant as damages under §542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## XIX. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by §17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by §541 of the Texas Insurance Code.

## XX. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant

for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XXI. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, §541 and §542 of the Texas Insurance Code, and §17.50 of the DTPA.

## XXII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled to receive.

Respectfully submitted,

LAW FIRM OF SCOTT E. OSMAN
183 West Washington Street
Stephenville, Texas 76401
Telephone:     (254) 968-4681
Facsimile:     (254) 965-3548
Email:         osman@our-town.com


BY: ___*/s/ SCOTT E. OSMAN*_____
         SCOTT E. OSMAN
         State Bar Number 00789531

# Exhibit 2

cv34337

Case 4:17-cv-00395- Document 1   Filed 05/15/17   Page 20 of 79   PageID 20
Filed for Record at
5/1/2017 12:00:00 AM
Jan Brown
Clerk of the District Court
Erath County, Texas

## CAUSE NO. <u>CV34337</u>

| | | |
|---|---|---|
| **BRADLEY COUCH and** | § | **IN THE DISTRICT COURT** |
| **LORRIE COUCH** | § | |
| | § | |
| **VS.** | § | **266ᵀᴴ  JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS** | § | **ERATH COUNTY, TEXAS** |

## PLAINTIFFS' FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME BRADLEY COUCH and LORRIE COUCH, Plaintiffs, and files this First Amended Petition complaining of STATE FARM LLOYDS, Defendant, and for cause of action would show the Court as follows:

### I. DISCOVERY LEVEL

Discovery in this case is intended to be conducted under Level 2, Rule 190, Texas Rules of Civil Procedure.

### II. PARTIES AND SERVICE

Plaintiffs BRADLEY COUCH and LORRIE COUCH are individuals who reside in Erath County, Texas.

Defendant STATE FARM LLOYDS (hereinafter referred to as "STATE FARM"), is an insurance company organized under the laws of the State of Illinois, that is doing business in Texas and has registered through the office of the Secretary of State of Texas and may be served with process by serving the registered agent of said company, **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company** at the following address: **211 E. 7ᵀᴴ Street, Suite 620, Austin, Texas 78701-3218.**

## III. JURISDICTION

This court has jurisdiction over this case because no other court has exclusive jurisdiction and the amount in controversy exceeds the minimum jurisdictional limits of the district courts.

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs in good faith plead the value of this case is over one hundred thousand dollars ($100,000.00) but less than two hundred thousand dollars ($200,000.00). Plaintiffs reserve the right to amend these amounts upwards.

## IV. VENUE

Venue in Erath County, Texas is proper in this cause under §15.002 (a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Erath County, Texas, and the insured property that is the basis of this lawsuit is located in Erath County, Texas.

## V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## VI. FACTS

Plaintiffs are the owner of insurance Policy Number 85-CM-D790-9 issued by Defendant (hereinafter referred to as the "Policy"). Plaintiffs own the insured property located at3300 CR 250, Dublin, Erath County, Texas (hereinafter referred to as the "Property"). Defendant, or its agents, sold the Policy insuring the Property to Plaintiffs.

## VII.

On or about April 26, 2015, a wind and hail storm struck Erath County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property. Plaintiffs

submitted a claim to Defendant against the Policy for roof, other damage and resulting water damage to the Property sustained as a result of the wind and hail storm. Plaintiffs asked that Defendant cover the costs of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

### VIII.

Defendant failed to properly adjust Plaintiffs' claims and have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Plaintiffs' claim still remains unpaid and Plaintiffs still have not been able to properly repair the damage to the Property.

### IX.

Although due demand was made by Plaintiffs for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs, Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

### X.

Defendant misrepresented to Plaintiffs that the all of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(I).

XI.

Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

XII.

Defendant refused to fully compensate Plaintiffs under the terms of the Policy even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(7).

XIII.

Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date; Plaintiffs have not yet received full payment for their claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.058.

XIV.

From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

i

XV.

As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

XVI.

Plaintiffs' experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## XVII. THEORIES OF LIABILITY

**A.     Cause of Action for Breach of Contract**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Policy that Plaintiffs purchased, Defendant has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind and hail storm. As a result of a wind and hail storm and/or ensuing losses from a wind and hail storm, both of which are covered perils under the Policy, Plaintiffs' home and personal Property have been damaged. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's

contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

**B.    Cause of Action for Violation of §542 of the Texas Insurance Code**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate §542 of the Texas Insurance Code. Within the time frame required after the receipt of either actual or written notice of Plaintiffs' claim, Defendant did not request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for their claim. As a result, Defendant has violated §542 by failing to accept or reject Plaintiffs' claim in writing within the statutory time frame. Defendant also violated §542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated §542 in this case.

**C.    DTPA Cause of Action**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the provisions of the Texas Deceptive Trade Practices –Consumer Protection Act ("DTPA"). Plaintiffs are consumers of goods and services provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against

Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Tex. Bus. Comm. Code, §17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In addition, to these violations, Defendant engaged in unconscionable conduct as that term is defined in the DTPA. In this respect, Defendant's violations include, without limitation, (1) unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

As described in this petition:

A.  Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiffs the right to recover under §17.46 (b)(5) of the DTPA.

B.  Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of §17.46 (b)(7) of the DTPA;

C.  Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of §17.46 (b)(9) of the DTPA;

D.  Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiffs the right to recover under §17.46 (b)(12) of the DTPA;

E.   Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under §17.46 (b)(24) of the DTPA;

F.   Defendant has breached an express warranty that the damage caused by a wind and hail storm would be covered under the Policy. This breach entitles Plaintiffs to recover under §17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

G.   Defendant's actions are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under §17.50(a)(3) of the DTPA; and

H.   Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of §17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.   Cause of Action for Unfair Insurance Practices**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of §541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendant's failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear; and

E. Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant was done knowingly as that term is used in the Texas Insurance Code.

**E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

**F.  Cause of Action for Fraud**

Defendant is liable to Plaintiffs for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## XVIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' home and any investigative and engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract. Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendant as damages under §542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## XIX. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by §17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by §541 of the Texas Insurance Code.

## XX. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant

for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XXI. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, §541 and §542 of the Texas Insurance Code, and §17.50 of the DTPA.

## XXII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled to receive.

Respectfully submitted,

LAW FIRM OF SCOTT E. OSMAN
183 West Washington Street
Stephenville, Texas 76401
Telephone:     (254) 968-4681
Facsimile:     (254) 965-3548
Email:         osman@our-town.com


BY:   /s/ SCOTT E. OSMAN
      SCOTT E. OSMAN
      State Bar Number 00789531

# CIVIL COVER SHEET"

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as" provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the" purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS"

**(b)**  County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant"

*(IN U.S. PLAINTIFF CASES ONLY)"*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED."

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)"*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff"*
*(For Diversity Cases Only)*                                            *and One Box for Defendant)"*

|  | PTF | DEF |  | PTF | DEF" |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State" | ☐ 4 | ☐ 4" |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State" | ☐ 5 | ☐ 5" |
| Citizen or Subject of a Foreign Country" | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6" |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions."

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES" |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act"<br>☐ 376 Qui Tam (31 USC 3729(a))"<br>☐ 400 State Reapportionment"<br>☐ 410 Antitrust"<br>☐ 430 Banks and Banking"<br>☐ 450 Commerce"<br>☐ 460 Deportation"<br>☐ 470 Racketeer Influenced and Corrupt Organizations"<br>☐ 480 Consumer Credit"<br>☐ 490 Cable/Sat TV"<br>☐ 850 Securities/Commodities/" Exchange"<br>☐ 890 Other Statutory Actions"<br>☐ 891 Agricultural Acts"<br>☐ 893 Environmental Matters"<br>☐ 895 Freedom of Information" Act" |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition"<br>☐ 560 Civil Detainee -" Conditions of Confinement" | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration" Actions" | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration"<br>☐ 899 Administrative Procedure" Act/Review or Appeal of Agency Decision"<br>☐ 950 Constitutionality of" State Statutes" |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original"
Proceeding"

☐ 2   Removed from"
State Court"

☐ 3   Remanded from"
Appellate Court"

☐ 4   Reinstated or"
Reopened"

☐ 5   Transferred from"
Another District"
*(specify)"*

☐ 6   Multidistrict"
Litigation -"
Transfer"

☐ 8   Multidistrict"
Litigation -
Direct File"

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                                DOCKET NUMBER

DATE                                SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

**United States District Court**
**Northern District of Texas**

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office.  Additional sheets may be used as necessary.**

1.      **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| Court | Case Number |
|---|---|
| 266th Judicial District Court | cv34337 |
| Erath County, Texas | |

2.      **Style of the Case:**          *Bradley and Lorrie Couch v. State Farm Lloyds*

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| Party and Party Type | Attorney(s) |
|---|---|
| Bradley & Lorrie Couch, Plaintiffs | Scott E. Osman |
| | SBN: 00789531 |
| | osman@our-town.com |
| | **LAW FIRM OF SCOTT E. OSMAN** |
| | 183 West Washington Street |
| | Stephenville, Texas 76401 |
| | Phone:          (254) 968-4681 |
| | Fax:          (254) 965-3548 |
| | |
| State Farm Lloyds, Defendant | Armando De Diego |
| | SBN:  05635400 |
| | adediego@dediego.com |
| | Harvey G. Joseph |
| | SBN: 11027850 |
| | hjoseph@dediego.com |
| | **THE LAW OFFICE OF ARMANDO DE DIEGO, P.C.** |
| | 1201 Griffin St. W. |
| | Dallas, Texas 75215 |
| | Telephone:    214.426.1220 |
| | Fax:          214.426.1246 |

3.      **Jury Demand:**

Was a Jury Demand made in State Court?          ■ Yes          ☐ No

If "*Yes*," by which party and on what date?

Defendant _____          ___May 1, 2017____
Party                                                                          Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.     **Answer:**

Was an Answer made in State Court?          ■ Yes          ☐ No

If "*Yes*," by which party and on what date?

Defendant _____          May 1, 2017 _____
Party                                                  Date

5.     **Unserved Parties:**

The following parties have not been served at the time this case was removed:

      **Party**                                    **Reason(s) for No Service**

      None

6.     **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

      **Party**                                    **Reason**

      None after State Farm Lloyds added
      as Defendant

7.     **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

      **Party**                                    **Claim(s)**

      Plaintiffs                                  Plaintiffs allege Defendant wrongfully denied paying insurance benefits owed to Plaintiffs and that Defendant breached extra-contractual duties owed by Defendant to Plaintiffs, resulting in additional damages.

      Defendant                                 Defendant State Farm Lloyds affirmatively asserts it did not wrongfully handle the insurance claim and did not breach the written contract of insurance, nor is it liable under any of the extra-contractual causes of action alleged.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BRADLEY AND LORRIE COUCH** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY** |
| **STATE FARM LLOYDS** | § | |

---

## INDEX OF STATE COURT PLEADINGS

---

| | | |
|---|---|---|
| 1. | Court Docket | as of 05/03/2017 |
| 2. | Plaintiffs' Original Petition | 04/07/2017 |
| 3. | Citation (Petition) | 04/07/2017 |
| 4. | Plaintiffs' Request to Appoint Umpire and Order Setting Hearing | 04/07/2017 |
| 5. | Citation (Plaintiffs' Request to Appoint Umpire) | 04/07/2017 |
| 6. | Citation Return and Affidavit of Service | 04/17/2017 (served 04/13/2017) |
| 7. | Plaintiffs' First Amended Petition | 05/01/2017 |
| 8. | Original Answer of State Farm Lloyds | 05/01/2017 |

**Tab 1**

CASE # CV34337  Case 4:17-cv-00395-Y  Document 1  Filed 05/15/17  Page 38 of 79  PageID 38
CAUSE: ALL OTHER CIVIL CASES
STYLE: BRADLEY AND LORRIE COUCH        VS FARM LLOYDS STATE

                                   PLAINTIFF

NAME _____          ATTORNEY _____

COUCH,BRADLEY AND LORRIE        P              OSMAN,SCOTT
                                               183 W. WASHINGTON
                                               STEPHENVILLE, TX 76401
       -    -                                  254-968-4681


                                   DEFENDANT

NAME _____          ATTORNEY _____

STATE FARM LLOYDS, INC.         D              DE DIEGO,ARMANDO
211 E. 7TH STREET, STE 620                     1201 W. GRIFFIN STREET
AUSTIN, TX 78701-3218                          DALLAS, TX 75215
       -    -                                  214-426-1220


                              _____

TRANSACTIONS FOR ALL PARTIES                    /  /    THRU   /  /

04/07/2017              PLAINTIFF'S ORIGINAL PETITION/JB              280.00-   I    13
COUCH,BRADLEY AND
04/07/2017              PMT PLAINTIFF'S ORIGINAL PETITION/JB/JB       280.00
COUCH,BRADLEY AND
04/07/2017              CITATION ISSUED TO CORPORATION SERVICE COMPANY/JB       I    1
COUCH,BRADLEY AND
04/07/2017              PLAINTIFFS' REQUEST TO APPOINT UMPIRE AND ORDER SE      I    2
COUCH,BRADLEY AND      TTING HEARING/JB
04/10/2017              CITATION FEE/SKC                                8.00-
COUCH,BRADLEY AND
04/10/2017              PMT-CITATION FEE/SKC                            8.00
COUCH,BRADLEY AND
04/12/2017              CITATION ISSUED TO CORPORATION SERVICE COMPANY          I    1
COUCH,BRADLEY AND      (PLTS REQUEST TO APPOINT UMPIRE AND ORDER SETTING)
04/18/2017              RETURN OF SERVICE OF CITATION TO STATE FARM LLOYDS      I    2
COUCH,BRADLEY AND      /SKC
05/01/2017              PLAINTIFFS' FIRST AMENDED PETITION/JB                   I    13
COUCH,BRADLEY AND
05/01/2017              ORIGINAL ANSWER OF STATE FARM LLOYDS/JB                 I    2
STATE FARM LLOYDS,

**Tab 2**

Filed for Record at
4/7/2017 1:20:30 PM
Jan Brown
Clerk of the District Court
Erath County, Texas

CAUSE NO. _____ cv34337

| | | |
|---|---|---|
| **BRADLEY COUCH and** | § | **IN THE DISTRICT COURT** |
| **LORRIE COUCH** | § | |
| | § | |
| **VS.** | § | **266TH JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS, INC.** | § | **ERATH COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME BRADLEY COUCH and LORRIE COUCH, Plaintiffs, and files this Original Petition complaining of STATE FARM LLOYDS, INC., Defendant, and for cause of action would show the Court as follows:

### I. DISCOVERY LEVEL

Discovery in this case is intended to be conducted under Level 2, Rule 190, Texas Rules of Civil Procedure.

### II. PARTIES AND SERVICE

Plaintiffs BRADLEY COUCH and LORRIE COUCH are individuals who reside in Erath County, Texas.

Defendant STATE FARM LLOYDS, INC. (hereinafter referred to as "STATE FARM"), is an insurance company organized under the laws of the State of Illinois, that is doing business in Texas and has registered through the office of the Secretary of State of Texas and may be served with process by serving the registered agent of said company, **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company** at the following address: **211 E. 7TH Street, Suite 620, Austin, Texas 78701-3218.**

### III. JURISDICTION

This court has jurisdiction over this case because no other court has exclusive jurisdiction and the amount in controversy exceeds the minimum jurisdictional limits of the district courts.

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs in good faith plead the value of this case is over one hundred thousand dollars ($100,000.00) but less than two hundred thousand dollars ($200,000.00). Plaintiffs reserve the right to amend these amounts upwards.

### IV. VENUE

Venue in Erath County, Texas is proper in this cause under § 15.002 (a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Erath County, Texas, and the insured property that is the basis of this lawsuit is located in Erath County, Texas.

### V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS

Plaintiffs are the owner of insurance Policy Number 85-CM-D790-9 issued by Defendant (hereinafter referred to as the "Policy"). Plaintiffs own the insured property located at 3300 CR 250, Dublin, Erath County, Texas (hereinafter referred to as the "Property"). Defendant, or its agents, sold the Policy insuring the Property to Plaintiffs.

### VII.

On or about April 26, 2015, a wind and hail storm struck Erath County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property. Plaintiffs

submitted a claim to Defendant against the Policy for roof, other damage and resulting water damage to the Property sustained as a result of the wind and hail storm. Plaintiffs asked that Defendant cover the costs of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

VIII.

Defendant failed to properly adjust Plaintiffs' claims and have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Plaintiffs' claim still remains unpaid and Plaintiffs still have not been able to properly repair the damage to the Property.

IX.

Although due demand was made by Plaintiffs for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs, Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

X.

Defendant misrepresented to Plaintiffs that the all of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(l).

XI.

Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

XII.

Defendant refused to fully compensate Plaintiffs under the terms of the Policy even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(7).

XIII.

Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date; Plaintiffs have not yet received full payment for their claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.058.

XIV.

From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

## XV.

As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

## XVI.

Plaintiffs' experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## XVII. THEORIES OF LIABILITY

**A.      Cause of Action for Breach of Contract**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Policy that Plaintiffs purchased, Defendant has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind and hail storm. As a result of a wind and hail storm and/or ensuing losses from a wind and hail storm, both of which are covered perils under the Policy, Plaintiffs' home and personal Property have been damaged. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's

contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

**B.    Cause of Action for Violation of §542 of the Texas Insurance Code**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate §542 of the Texas Insurance Code. Within the time frame required after the receipt of either actual or written notice of Plaintiffs' claim, Defendant did not request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for their claim. As a result, Defendant has violated §542 by failing to accept or reject Plaintiffs' claim in writing within the statutory time frame. Defendant also violated §542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated §542 in this case.

**C.    DTPA Cause of Action**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the provisions of the Texas Deceptive Trade Practices –Consumer Protection Act ("DTPA"). Plaintiffs are consumers of goods and services provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to·bringing this cause of action against

Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Tex. Bus. Comm. Code, §17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In addition, to these violations, Defendant engaged in unconscionable conduct as that term is defined in the DTPA. In this respect, Defendant's violations include, without limitation, (1) unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

As described in this petition:

A.     Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiffs the right to recover under §17.46 (b)(5) of the DTPA.

B.     Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of §17.46 (b)(7) of the DTPA;

C.     Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of §17.46 (b)(9) of the DTPA;

D.     Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiffs the right to recover under §17.46 (b)(12) of the DTPA;

E.   Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under §17.46 (b)(24) of the DTPA;

F.   Defendant has breached an express warranty that the damage caused by a wind and hail storm would be covered under the Policy. This breach entitles Plaintiffs to recover under §17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

G.   Defendant's actions are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under §17.50(a)(3) of the DTPA; and

H.   Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of §17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.   Cause of Action for Unfair Insurance Practices**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of §541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendant's failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear; and

E. Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant was done knowingly as that term is used in the Texas Insurance Code.

**E.    Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

**F.    Cause of Action for Fraud**

Defendant is liable to Plaintiffs for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## XVIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' home and any investigative and engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract. Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendant as damages under §542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## XIX. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by §17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by §541 of the Texas Insurance Code.

## XX. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant

for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XXI. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, §541 and §542 of the Texas Insurance Code, and §17.50 of the DTPA.

## XXII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled to receive.

Respectfully submitted,

LAW FIRM OF SCOTT E. OSMAN
183 West Washington Street
Stephenville, Texas 76401
Telephone:     (254) 968-4681
Facsimile:     (254) 965-3548
Email:         osman@our-town.com


BY:   */s/ SCOTT E. OSMAN*
        SCOTT E. OSMAN
        State Bar Number 00789531

**Tab 3**

**CITATION**

CAUSE NO. **CV34337**

THE STATE OF TEXAS

TO:   **STATE FARM LLOYDS, INC.**
      **BY AND THROUGH IT'S REGISTERED AGENT,**
      **CORPORATION SERVICE COMPANY, D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY**
      **211 E. 7TH STREET, STE 620**
      **AUSTIN, TX 78701-3218**

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear before the 266th Judicial District Court of Erath County, Texas, to be held at the Courthouse of said County in the city of Stephenville, Erath County, Texas, by filing a written answer to **PLAINTIFFS' ORIGINAL PETITION** at or before 10:00 o'clock, A.M., of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in Cause Number CV34337 styled **BRADLEY AND LORRIE COUCH VS STATE FARM LLOYDS, INC.** filed on the 7th day of April, 2017.

The name and address of the attorney for plaintiff, or the address of plaintiff is:
SCOTT OSMAN * 183 W. WASHINGTON * STEPHENVILLE, TX 76401.

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock, A.M., on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

WITNESS, Wanda Pringle, District Clerk, of the 266th Judicial District Court of Erath County, Texas.

Issued and given under my hand and seal of said Court at office, this the 12th day of April, 2017.

Address:       Erath County Courthouse Annex           Wanda Pringle, District Clerk
               Room 108                                 266th District Court
               Stephenville, Texas 76401                Erath County, Texas

                                                        By_____
                                                           SUSAN CULPEPPER, Deputy

=====================================================================================

OFFICER OR AUTHORIZED PERSON'S RETURN

Came to hand this _____ day of _____, 20____, at _____ o'clock ____m., and executed at _____, within

the County of _____ at ____ o'clock ____ m. on the ____ day of _____ 20____, by delivering to the defendant, **STATE FARM LLOYDS, INC. BY AND THROUGH IT'S REGISTERED AGENT, CORPORATION SERVICE COMPANY, D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY,** in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIFFS' ORIGINAL PETITION** attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20____.

                              _____
                              Sheriff/Constable/Authorized Person
                              _____County, Texas

                              BY:_____
                                  Sheriff/Constable./Authorized Person

                              _____
                                  ID# and Expiration of Certification

State of TEXAS
County of ERATH
Subscribed and sworn to before me, a notary public, on_____

                                        **ISSUED**

_____
Notary Public
My Commission Expires:_____            (NOTARY SEAL WITH EXPIRATION DATE)

**Tab 4**

cv34337

Case 4:17-cv-00395-Y   Document 1   Filed 05/15/17   Page 56 of 79   PageID 56

Filed for Record at
4/7/2017 2:58:34 PM
Jan Brown
Clerk of the District Court
Erath County, Texas

## CAUSE NO. <u>CV34337</u>

| | | |
|---|---|---|
| **BRADLEY COUCH and** | § | **IN THE DISTRICT COURT** |
| **LORRIE COUCH** | § | |
| | § | |
| **VS.** | § | **266TH JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS, INC.** | § | **ERATH COUNTY, TEXAS** |

## PLAINTIFFS' REQUEST TO APPOINT UMPIRE
## AND ORDER SETTING HEARING

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME BRADLEY COUCH and LORRIE COUCH, Plaintiffs, and moves the Court to Appoint Umpire, and would show the Court as follows:

I.

By letter dated February 21, 2017, Plaintiffs invoked the appraisal clause of the property insurance policy that Defendant issued to Plaintiffs that insured Plaintiffs' property located at 3300 CR 250, Dublin, Erath County, Texas. Additionally, in said letter Plaintiffs named their appraiser. By letter dated February 28, 2017, Defendant named its appraiser.

II.

To date, there has been no agreement between the appraisers on the selection of an umpire. The policy at issue in the case at bar recites in relevant part that "if the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire."

III.

Plaintiffs petition and move the Court to make an umpire appointment pursuant to the appraisal clause of the insurance policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon hearing, the Court appoint an umpire and for such other and further relief as Plaintiffs may show themselves to be justly entitled, at law or in equity.

Respectfully submitted,

LAW FIRM OF SCOTT E. OSMAN
183 West Washington Street
Stephenville, Texas 76401
Telephone: (254) 968-4681
Facsimile: (254) 965-3548
Email: osman@our-town.com

BY: ___*/s/ SCOTT E. OSMAN*___
     SCOTT E. OSMAN
     State Bar Number 00789531

## FIAT

The foregoing Plaintiffs' Request to Appoint Umpire having been presented to me the same is hereby set for hearing on the __27ᵗʰ__ day of __April__, 2017, at 9:00 A.M. in the courtroom of the 266ᵀᴴ Judicial District Court of Erath County, Texas, located at 112 West College, Stephenville, Texas 76401.

SIGNED this __/0__ day of April, 2017.

**FILED FOR RECORD**
AT_____O'CLOCK_____M

**APR 1 0 2017**

*Wanda Bingle*
CLERK DISTRICT COURT ERATH COUNTY, TEX

_____
JUDGE PRESIDING

**Tab 5**

CITATION

CAUSE NO. CV34337

THE STATE OF TEXAS

TO: **STATE FARM LLOYDS, INC.**
**BY AND THROUGH IT'S REGISTERED AGENT,**
**CORPORATION SERVICE COMPANY, D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**211 E. 7TH STREET, STE 620**
**AUSTIN, TX 78701-3218**

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear before the 266th Judicial District Court of Erath County, Texas, to be held at the Courthouse of said County in the city of Stephenville, Erath County, Texas, by filing a written answer to **PLAINTIFFS' REQUEST TO APPOINT UMPIRE AND ORDER SETTING HEARING** at or before 10:00 o'clock, A.M., of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in Cause Number CV34337 styled **BRADLEY AND LORRIE COUCH VS STATE FARM LLOYDS, INC.** filed on the 7th day of April, 2017.

The name and address of the attorney for plaintiff, or the address of plaintiff is:
SCOTT OSMAN * 183 W. WASHINGTON * STEPHENVILLE, TX 76401.

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock, A.M., on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

WITNESS, Wanda Pringle, District Clerk, of the 266th Judicial District Court of Erath County, Texas.

Issued and given under my hand and seal of said Court at office, this the 12th day of April, 2017.

Address:    Erath County Courthouse Annex          Wanda Pringle, District Clerk
            Room 108                                266th District Court
            Stephenville, Texas 76401               Erath County, Texas

                                                    By
                                                       SUSAN CULPEPPER, Deputy

---

OFFICER OR AUTHORIZED PERSON'S RETURN

Came to hand this _____ day of _____, 20 _____, at _____ o'clock ___ m., and executed at _____, within

the County of _____ at ___ o'clock ___ m. on the ___ day of _____ 20 ___, by delivering to the defendant, **STATE FARM LLOYDS, INC.** **BY AND THROUGH IT'S REGISTERED AGENT, CORPORATION SERVICE COMPANY, D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY**, in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIFFS' REQUEST TO APPOINT UMPIRE AND ORDER SETTING HEARING** attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 ___.

                              Sheriff/Constable/Authorized Person
                              _____County, Texas

                       BY:_____
                              Sheriff/Constable./Authorized Person

                              _____
                              ID# and Expiration of Certification
State of TEXAS
County of ERATH                 **ISSUED**
Subscribed and sworn to before me, a notary public, on_____

_____
Notary Public
My Commission Expires:_____          (NOTARY SEAL WITH EXPIRATION DATE)

**Tab 6**

cv34337      Case 4:17-cv-00395- Document 1   Filed 05/15/17   Page 61 of 79   PageID 61   Filed for Record at
4/18/2017 7:58:13 AM
Susan Culpepper
Clerk of the District Court
Erath County, Texas

**CITATION**
CAUSE NO. CV34337

ORIGINAL

THE STATE OF TEXAS

TO:    STATE FARM LLOYDS, INC.
BY AND THROUGH IT'S REGISTERED AGENT,
CORPORATION SERVICE COMPANY, D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E. 7TH STREET, STE 620
AUSTIN, TX 78701-3218

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear before the 266th Judicial District Court of Erath County, Texas, to be held at the Courthouse of said County in the city of Stephenville, Erath County, Texas, by filing a written answer to PLAINTIFFS' REQUEST TO APPOINT UMPIRE AND ORDER SETTING HEARING at or before 10:00 o'clock, A.M., of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in Cause Number CV34337 styled BRADLEY AND LORRIE COUCH VS STATE FARM LLOYDS, INC. filed on the 7th day of April, 2017.

The name and address of the attorney for plaintiff, or the address of plaintiff is:
SCOTT OSMAN * 183 W. WASHINGTON * STEPHENVILLE, TX 76401.

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock, A.M., on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

WITNESS, Wanda Pringle, District Clerk, of the 266th Judicial District Court of Erath County, Texas.

Issued and given under my hand and seal of said Court at office, this the 12th day of April, 2017.

| Address: | Erath County Courthouse Annex | Wanda Pringle, District Clerk |
|---|---|---|
| | Room 105 | 266th District Court |
| | Stephenville, Texas 76401 | Erath County, Texas |

By: _____
SUSAN CULPEPPER, Deputy

---

**OFFICER OR AUTHORIZED PERSON'S RETURN**

Came to hand this _____ day of _____, 20_____, at _____ o'clock ____ m., and executed at _____, within

the County of _____ at _____ o'clock ____ m. on the ____ day of _____, 20____, by delivering to the defendant, STATE FARM LLOYDS, INC. BY AND THROUGH IT'S REGISTERED AGENT, CORPORATION SERVICE COMPANY, D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS' REQUEST TO APPOINT UMPIRE AND ORDER SETTING HEARING attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20____.

Sheriff/Constable/Authorized Person
_____ County, Texas

BY: _____
    Sheriff/Constable/Authorized Person

_____
ID# and Expiration of Certification

State of TEXAS
County of ERATH
Subscribed and sworn to before me, a notary public, on _____

*Affidavit Attached*

_____
Notary Public
My Commission Expires: _____

(NOTARY SEAL WITH EXPIRATION DATE)

## CAUSE NO. CV34337

| Bradley and Lorrie Couch | § | IN THE COURT OF |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| VS. | § | 226TH JUDICIAL DISTRICT |
| | § | |
| State Farm LLoyds, Inc. | § | |
| Defendant. | § | ERATH COUNTY TEXAS |

### AFFIDAVIT OF SERVICE

On this day personally appeared Corin Sparre who, being by me duly sworn, deposed and said:

"The following came to hand on Apr 12, 2017, 12:00 pm,

CITATION, PLAINTIFFS ORIGINAL PETITON, CITATION, PLAINTIFFS REQUEST TO APPOINT UMPIRE AND ORDER SETTING HEARING,

and was executed at 211 E. 7th St. Ste. 620, Austin, TX 78701 within the county of Travis at 01:10 PM on Thu, Apr 13 2017, by delivering a true copy to the within named

STATE FARM LLOYDS, INC. via its registered agent, Corporation Service Company and accepted by authorized agent, Sue Vertrees,

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Corin Sparre
SCH 5625 Exp:09/30/2018

BEFORE ME, a Notary Public, on this day personally appeared Corin Sparre, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON 4-17-17

Notary Public, State of Texas

**Tab 7**

Filed for Record at
3/1/2017 12:00:00 AM
Jan Brown
Clerk of the District Court
Erath County, Texas

## CAUSE NO. <u>CV34337</u>

| | | |
|---|---|---|
| BRADLEY COUCH and | § | IN THE DISTRICT COURT |
| LORRIE COUCH | § | |
| | § | |
| VS. | § | 266TH JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | ERATH COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME BRADLEY COUCH and LORRIE COUCH, Plaintiffs, and files this First Amended Petition complaining of STATE FARM LLOYDS, Defendant, and for cause of action would show the Court as follows:

### I. DISCOVERY LEVEL

Discovery in this case is intended to be conducted under Level 2, Rule 190, Texas Rules of Civil Procedure.

### II. PARTIES AND SERVICE

Plaintiffs BRADLEY COUCH and LORRIE COUCH are individuals who reside in Erath County, Texas.

Defendant STATE FARM LLOYDS (hereinafter referred to as "STATE FARM"), is an insurance company organized under the laws of the State of Illinois, that is doing business in Texas and has registered through the office of the Secretary of State of Texas and may be served with process by serving the registered agent of said company, **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company** at the following address: **211 E. 7TH Street, Suite 620, Austin, Texas 78701-3218.**

### III. JURISDICTION

This court has jurisdiction over this case because no other court has exclusive jurisdiction and the amount in controversy exceeds the minimum jurisdictional limits of the district courts.

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs in good faith plead the value of this case is over one hundred thousand dollars ($100,000.00) but less than two hundred thousand dollars ($200,000.00). Plaintiffs reserve the right to amend these amounts upwards.

### IV. VENUE

Venue in Erath County, Texas is proper in this cause under § 15.002 (a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Erath County, Texas, and the insured property that is the basis of this lawsuit is located in Erath County, Texas.

### V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS

Plaintiffs are the owner of insurance Policy Number 85-CM-D790-9 issued by Defendant (hereinafter referred to as the "Policy"). Plaintiffs own the insured property located at 3300 CR 250, Dublin, Erath County, Texas (hereinafter referred to as the "Property"). Defendant, or its agents, sold the Policy insuring the Property to Plaintiffs.

### VII.

On or about April 26, 2015, a wind and hail storm struck Erath County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property. Plaintiffs

submitted a claim to Defendant against the Policy for roof, other damage and resulting water damage to the Property sustained as a result of the wind and hail storm. Plaintiffs asked that Defendant cover the costs of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

## VIII.

Defendant failed to properly adjust Plaintiffs' claims and have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Plaintiffs' claim still remains unpaid and Plaintiffs still have not been able to properly repair the damage to the Property.

## IX.

Although due demand was made by Plaintiffs for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs, Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

## X.

Defendant misrepresented to Plaintiffs that the all of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(l).

XI.

Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

XII.

Defendant refused to fully compensate Plaintiffs under the terms of the Policy even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(7).

XIII.

Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date; Plaintiffs have not yet received full payment for their claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.058.

XIV.

From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

i

XV.

As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

XVI.

Plaintiffs' experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

XVII. THEORIES OF LIABILITY

**A.     Cause of Action for Breach of Contract**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Policy that Plaintiffs purchased, Defendant has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind and hail storm. As a result of a wind and hail storm and/or ensuing losses from a wind and hail storm, both of which are covered perils under the Policy, Plaintiffs' home and personal Property have been damaged. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's

contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

**B.     Cause of Action for Violation of §542 of the Texas Insurance Code**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate §542 of the Texas Insurance Code. Within the time frame required after the receipt of either actual or written notice of Plaintiffs' claim, Defendant did not request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for their claim. As a result, Defendant has violated §542 by failing to accept or reject Plaintiffs' claim in writing within the statutory time frame. Defendant also violated §542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated §542 in this case.

**C.     DTPA Cause of Action**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the provisions of the Texas Deceptive Trade Practices –Consumer Protection Act ("DTPA"). Plaintiffs are consumers of goods and services provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to·bringing this cause of action against

Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Tex. Bus. Comm. Code, §17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In addition, to these violations, Defendant engaged in unconscionable conduct as that term is defined in the DTPA. In this respect, Defendant's violations include, without limitation, (1) unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

As described in this petition:

A.      Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiffs the right to recover under §17.46 (b)(5) of the DTPA.

B.      Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of §17.46 (b)(7) of the DTPA;

C.      Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of §17.46 (b)(9) of the DTPA;

D.      Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiffs the right to recover under §17.46 (b)(12) of the DTPA;

E.  Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under §17.46 (b)(24) of the DTPA;

F.  Defendant has breached an express warranty that the damage caused by a wind and hail storm would be covered under the Policy. This breach entitles Plaintiffs to recover under §17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

G.  Defendant's actions are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under §17.50(a)(3) of the DTPA; and

H.  Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of §17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.  Cause of Action for Unfair Insurance Practices**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of §541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendant's failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.    Engaging in unfair claims settlement practices;

C.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear; and

E.    Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant was done knowingly as that term is used in the Texas Insurance Code.

**E.     Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

**F.     Cause of Action for Fraud**

Defendant is liable to Plaintiffs for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## XVIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' home and any investigative and engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract. Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendant as damages under §542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## XIX. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by §17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by §541 of the Texas Insurance Code.

## XX. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant

for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XXI. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, §541 and §542 of the Texas Insurance Code, and §17.50 of the DTPA.

## XXII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled to receive.

Respectfully submitted,

LAW FIRM OF SCOTT E. OSMAN
183 West Washington Street
Stephenville, Texas 76401
Telephone:     (254) 968-4681
Facsimile:     (254) 965-3548
Email:         osman@our-town.com


BY: ___ /s/ SCOTT E. OSMAN _____
         SCOTT E. OSMAN
         State Bar Number 00789531

**Tab 8**

cv34337

Case 4:17-cv-00395-Y   Document 1   Filed 05/15/17   Page 78 of 79   PageID 78

Filed for Record at
5/1/2017 1:34:00 PM
Jan Brown
Clerk of the District Court
Erath County, Texas

**CAUSE NO. cv34337**

| | | |
|---|---|---|
| **BRADLEY AND LORRIE COUCH**<br>    **Plaintiff,** | §<br>§<br>§ | **IN THE DISTRICT COURT** |
| **VS.** | §<br>§ | **266th JUDICIAL DISTRICT** |
| **STATE FARM LLOYDS**<br>    **Defendant.** | §<br>§<br>§ | **ERATH COUNTY, TEXAS** |

## ORIGINAL ANSWER OF STATE FARM LLOYDS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant State Farm Lloyds ("State Farm") and hereby files its Original Answer to Plaintiffs' Petition, and for same would show the Court as follows:

I.

State Farm denies each and every, all and singular, the allegations set forth in Plaintiffs' Petition, and demands strict proof thereof upon a trial of this cause before a jury.

### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, State Farm demands a trial by jury. A jury fee will be paid.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing from Defendant by this action and that Defendant be allowed all costs expended herein.

Respectfully submitted,

**THE LAW OFFICE OF ARMANDO DE DIEGO, P.C.**

By:    /s/    Armando De Diego
      ARMANDO DE DIEGO
      State Bar No. 05635400
      Email: adediego@dediego.com

      HARVEY G. JOSEPH
      State Bar No. 11027850
      Email: hjoseph@dediego.com

1201 W. Griffin Street
Dallas, Texas 75215-1030
Telephone:    (214) 426-1220
Facsimile:    (214) 426-1246

**ATTORNEYS FOR STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

    This is to certify that on this, the 1st day of May, 2017, a true and correct copy of the foregoing document has been personally served, as indicated below:

Mr. Scott E. Osman       ✔   Via Electronic Service
**LAW FIRM OF SCOTT E. OSMAN**   _____   Via Certified Mail, RRE
183 West Washington Street     _____   Via Facsimile
Stephenville, Texas 76401      _____   Via Regular Mail

      /s/    Armando De Diego
      ARMANDO DE DIEGO

**ORIGINAL ANSWER OF STATE FARM LLOYDS - Page 2**